IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 1:14cr12-6 |
| v. | ) | 1:18cv43 |
| | ) | **Electronic Filing** |
| **MICHAEL IDOWU OLUGBADE** | ) | |

## MEMORANDUM ORDER

AND NOW, this 9th day of March, 2021, upon due consideration of defendant Michael Idowu Olugbade's Motion to Correct Sentence Under 28 U.S.C. § 2255 and the government's response thereto, IT IS ORDERED that the [754] the motion be, and the same hereby is, denied.

The history of this case as it relates to defendant's motion accurately is recounted in the government's response (Doc. No. 836) to defendant's motion. As aptly noted by the government, each ground for relief raised by defendant pertains to the court's imposition of an order of restitution making defendant jointly and severally liable for a small fraction of the total actual loss inflicted by the operations of the conspiracy. See, e.g., Tentative Findings and Rulings of March 15, 2018 (Doc. No. 770) (finding total intended loss of at least $69,936,117.00 attributable to the entire conspiracy and an actual loss of $8,011,713.00 to co-defendant Doherty Kushimo).

Defendant's motion is now moot and is without merit in any event. First, defendant has completed his sentence. He completed the term of incarceration on January 18, 2018, and was placed on supervised release upon his release. See Correspondence of March 20, 2020, re: defendant by Probation Officer Tracey Begonia (Doc. No. 861). His term of supervised release was terminated early, on March 23, 2020, based upon defendant's successful reintegration and adjustment. See id. and Order of March 23, 2020 (Doc. No. 862). It is well settled that the

completion of all aspects of the court's sentence moots the defendant's ability to satisfy the "in custody" requirement needed for habeas corpus relief.  See United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (in the absence of ascertainable collateral consequences that directly are traceable to the challenged portion of a sentence, an expired sentence no longer provides a justiciable case or controversy within the meaning of Article III in part because the petitioner is presumed to be incapable of showing a likelihood of obtaining redress through a favorable decision).

      Here, the record fails to identify any collateral consequences from the restitution order that exist beyond the early termination of defendant's term of supervised release and his payment of $7,230.00 in restitution as of that date.  In fact, part of the justification for early termination was the future ability of defendant to contribute more toward his wife's medical care and his family's needs.  See Doc. No. 861.  Consequently, the pending motion no longer presents a case or controversy for resolution by this court.

      Furthermore, an order of restitution fundamentally fails to satisfy the "in custody" requirement needed for habeas corpus relief in any event.  See United States v. Ross, 801 F.3d 374, 380 (3d Cir. 2015) ("Our own precedent holds that the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes.") (citing Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (*per curiam*) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes.")).  This assessment is in accord with the weight of circuit court decisions holding that orders of restitution do not provide a basis for habeas corpus relief.  Id. (collecting cases).  Accordingly, defendant's motion must be denied for

this reason as well.

                                                                  <u>s/David Stewart Cercone</u>
                                                                  David Stewart Cercone
                                                                  Senior United States District Judge

cc:       Christian A. Trabold, AUSA

           (*Via CM/ECF Electronic Filing*)

           Michael Idowu Olugbade
           10286 Homestead Drive
           Brownsburg, IN  46112

           (*Via First Class Mail*)